Edwin J. Richards (SBN 43855)
Antoinette P. Hewitt (SBN 181099)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: Edwin.Richards@KutakRock.com
Email: Antoinette.Hewitt@KutakRock.com

Attorneys for Defendants
CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, and BONNIE DAVIS

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HEDGPETH, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, an individual, BONNIE DAVIS, an individual, <br><br> Defendants. | Case No. 8:19-cv-02275-JVS-ADS <br><br> Assigned to <br> District Judge: Hon. James V. Selna <br> Courtroom: 10C <br><br> Assigned Discovery: <br> Magistrate Judge: Hon. Autumn D. Spaeth <br><br> **MOTION OF DEFENDANTS CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, AND BONNIE DAVIS TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)** <br><br> [Filed concurrently with and Declaration of Antoinette P. Hewitt and Lodged (Proposed) Order] <br><br> [Federal Rule of Civil Procedure, Rule 12(b)(6)] <br><br> **Date: June 1, 2020** <br> **Time: 1:30 p.m.** <br> **Ctrm.: 10C** |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -    8:19-cv-02275-JVS-ADS

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

4852-0016-8379.1

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2020 at 1:30 p.m. or as soon thereafter as may be heard in Courtroom 10C of the above-entitled court located at 411 West 4th Street, Room 1053, Santa Ana, California 92701, Defendants CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, and BONNIE DAVIS ("Defendants") will and hereby do move this Court to dismiss the Complaint against Defendants in this case.

This Motion is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted against Defendants. Specifically:

**First Cause of Action Against City-Copyright Infringement**

1. States and their political subdivisions are typically immune from suits arising under federal law such as the copyright law unless Congress has specifically abrogated state sovereign immunity or the state has waived it, which it has not been done here. On March 23, 2020, the United States Supreme Court issued its opinion in *Allen v. Cooper*, which held that Congress has not and cannot abrogate state immunity from copyright infringement claims. Therefore the Complaint fails to state a claim for copyright infringement against the City.

2. Plaintiff has failed to comply with the Government Tort Claims Act

3. The City has discretionary immunity under Government Code sections 815.2 and 820.2.

4. The Complaint does not state a claim for copyright infringement as it fails to allege that copyrightable works were infringed.

**Second Cause of Action Against Ryan-Johnson for Copyright Infringement**

1. States and their political subdivisions are typically immune from suits arising under federal law such as the copyright law unless Congress has specifically abrogated state sovereign immunity or the state has waived it, which it has not done

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0016-8379.1

here. On March 23, 2020, the United States Supreme Court issued its opinion in *Allen v. Cooper*, which held that Congress has not and cannot abrogate state immunity from copyright infringement claims. Therefore the Complaint fails to state a claim against the City and Ryan-Johnson as the latter was alleged to be under the control of the City.

2. Plaintiff has failed to comply with the Government Tort Claims Act

3. The City and Ryan-Johnson have discretionary immunity under Government Code sections 815.2 and 820.2.

4. The Complaint does not state a claim for copyright infringement as it fails to allege that copyrightable works were infringed.

**Third Cause of Action Against Davis for Copyright Infringement**

1. States and their political subdivisions are typically immune from suits arising under federal law such as the copyright law unless Congress has specifically abrogated state sovereign immunity or the state has waived it, which it has not done here. On March 23, 2020, the United States Supreme Court issued its opinion in *Allen v. Cooper*, which held that Congress has not and cannot abrogate state immunity from copyright infringement claims. Therefore the Complaint fails to state a claim against the City and Davis as the latter was alleged to be under the control of the City.

2. Plaintiff has failed to comply with the Government Tort Claims Act

3. The City and Davis have discretionary immunity under Government Code sections 815.2 and 820.2.

4. The Complaint does not state a claim for copyright infringement as it fails to allege that copyrightable works were infringed.

5. No facts are alleged as to Davis to support a claim for copyright infringement.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

**Fourth Cause of Action Against City-Vicarious Copyright Infringement**

1. States and their political subdivisions are typically immune from suits arising under federal law such as the copyright law unless Congress has specifically abrogated state sovereign immunity or the state has waived it, which it has not done here. On March 23, 2020, the United States Supreme Court issued its opinion in *Allen v. Cooper*, which held that Congress has not and cannot abrogate state immunity from copyright infringement claims. Therefore the Complaint fails to state a claim for vicarious copyright infringement against the City.

2. Plaintiff has failed to comply with the Government Tort Claims Act

3. The City has discretionary immunity under Government Code sections 815.2 and 820.2.

4. The Complaint does not state a claim for vicarious copyright infringement as it fails to allege that copyrightable works were infringed.

**Fifth Cause of Action Against City-Contributory Copyright Infringement**

1. States and their political subdivisions are typically immune from suits arising under federal law such as the copyright law unless Congress has specifically abrogated state sovereign immunity or the state has waived it, which it has not done here. On March 23, 2020, the United States Supreme Court issued its opinion in *Allen v. Cooper*, which held that Congress has not and cannot abrogate state immunity from copyright infringement claims. Therefore the Complaint fails to state a claim for contributory copyright infringement against the City.

2. Plaintiff has failed to comply with the Government Tort Claims Act

3. The City has discretionary immunity under Government Code sections 815.2 and 820.2.

4. The Complaint does not state a claim for contributory copyright infringement as it fails to allege that copyrightable works were infringed.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

This Motion is made following the conference of counsel pursuant to United States District Court, Central District, Local Rule 7-3, which took place on April 17, 2020.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Antoinette P. Hewitt regarding Compliance with L.R 7-3, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: April 28, 2020         KUTAK ROCK LLP

By: /s/ *Antoinette P. Hewitt*
    Edwin J. Richards
    Antoinette P. Hewitt
    Attorneys for Defendants
    CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, and BONNIE DAVIS

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................ 1

II. STATEMENT OF FACTS ......................................................................... 1

III. STANDARD OF REVIEW ....................................................................... 3

IV. PLAINTIFF MAY NOT MAINTAIN AN ACTION FOR COPYRIGHT INFRINGEMENT AGAINST THE STATE OR ANY OF ITS MUNICIPALITIES UNDER NEW UNITED STATES SUPREME COURT PRECEDENT ............................................................... 4

   A. ALLEN v. COOPER ........................................................................ 4

   B. UNDER ALLEN, PLAINTIFF SHOULD ALSO BE BARRED FROM SUING THE CITY AND THE INDIVIDUAL DEFENDANTS FOR COPYRIGHT INFRINGEMENT .................... 5

V.  THE COMPLAINT FAILS BECAUSE PLAINTIFF DID NOT COMPLY WITH THE GOVERNMENT CLAIMS ACT .............................. 6

VI. THE COMPLAINT FAILS BECAUSE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR DISCRETIONARY ACTS ................. 7

VII. NO CLAIM IS STATED AGAINST DEFENDANT DAVIS ...................... 9

VIII. THE COMPLAINT FAILS TO ALLEGE THAT MATERIALS THAT FALL UNDER THE COPYRIGHT ACT WERE INFRINGED ........ 9

IX  CONCLUSION ........................................................................................ 11

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- i -                                                            8:19-cv-02275-JVS-ADS

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

4852-0016-8379.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Cooper*
　589 U.S. _____ 2020 ................................................................................. 4, 5, 6

*Ballistreri v. Pacifica Police Dep't*,
　901 F.2d 696 (9th Cir. 1990) ............................................................................ 3

*Baughman v. State of California*
　38 Cal.App.4th 182 (1995) ............................................................................... 8

*Beliveau v. Caras*,
　873 F. Supp. 1393 (C.D. Cal. 1995) ................................................................. 3

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................. 3, 4, 5

*Burns v. City Council*
　31 Cal.App.3d 999 (1973) ................................................................................ 8

*Chase v. State*
　67 Cal.App.3d 808 (1977) ................................................................................ 7

*Chester v. State of California*
　21 Cal.App.4th 1002 (1994) ............................................................................. 8

*Guzman v. County of Monterey*
　(2009) 46 Cal.4th 887 ....................................................................................... 6

*Johnson v. City of Pacifica*
　4 Cal.App.3d 82 (1970) .................................................................................... 8

*Martell v. Antelope Valley Hosp. Med. Ctr*.
　67 Cal.App.4th 978 (1998) ............................................................................... 7

*Richardson-Tunnell v. School Ins. Program for Employees*
　157 Cal.App.4th 1056 (2007) ........................................................................... 8

*Shirk v. Vista Unified School Dist.*
　42 Cal.4th 201 (2007) ....................................................................................... 7

*Strong v. State*
　201 Cal.App.4th 1439 (2011) ........................................................................... 8

*Zelig v. County of Los Angeles*
　(2002) 27 Cal.4th 1112 ..................................................................................... 6

Kutak Rock LLP
Attorneys At Law
Irvine

- ii -　　　　　　　　　　　　8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

**Statutes**

17 U.S.C. § 102(b) ........................................................................................... 10

Government Code
    § 815 ............................................................................................................ 6
    § 815.2(b) .................................................................................................... 8
    § 820.2 ..................................................................................................... 7, 8
    § 821.6 ........................................................................................................ 8
    § 900 ............................................................................................................ 6
    § 905 ............................................................................................................ 6
    § 905.2 ........................................................................................................ 6
    § 911.2 ........................................................................................................ 6
    § 945.4 ........................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................... 3

**Other Authorities**

4 Cal. L. Rev'n Comm'n Reports 1008 (1963) .................................................. 7

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- iii -      8:19-cv-02275-JVS-ADS

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

4852-0016-8379.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Although this Complaint is ostensibly about copyright infringement, the many pages of unrelated allegations of personality disputes and petty clashes between Plaintiff and members of a volunteer group dedicated to helping evacuate horses during disasters demonstrate that this case is really about a disagreement about who was "in charge" of this program. Plaintiff claims that Defendants City of San Juan Capistrano, Julie Ryan-Johnson, and Bonnie Davis infringed on Plaintiff's copyright for procedures and materials for training for such evacuations that he admits he allowed to be used and, most of which, are not copyrightable in any event. The City and the individual defendants may not be sued for copyright infringement as there is no allegation nor any indication that the City has waived its sovereign immunity as required for such claims under recent United States Supreme Court precedent. Additionally, the City and the individual defendants have discretionary immunity from the claims in this case. Furthermore, Plaintiff failed to comply with the Government Claims requirements and failed to allege that a copyrightable work was infringed.

## II. STATEMENT OF FACTS

Plaintiff has experience as a law enforcement officer with equestrian activities. Complaint, para. 10. In 2008, he was asked by Defendant Julie Ryan-Johnson "to train volunteers on emergency horse-handling and loading horses onto trailers…for the City…" Complaint, para. 11. Ryan-Johnson "stated that she had been authorized by the City to establish this program." *Ibid*.

Later in 2008, Plaintiff and Ryan-Johnson met with the City's Emergency Services Manager "to discuss the instruction for the emergency horse-handling and horse-loading course to be offered by the City." *Id*. at 12. The manager also "confirmed that Ryan-Johnson was authorized to negotiate on behalf of the City." *Ibid*. Plaintiff alleges that he and Ryan-Johnson agreed that Plaintiff would create

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0016-8379.1

- 1 -    8:19-cv-02275-JVS-ADS

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

the program "at his own expense, but [Plaintiff] would retain all right, title, and interest to the Program and all associated audio, visual, and hard copy documents would remain [Plaintiff's] property. Upon cancellation of the agreement, it was agreed that Defendants cannot [sic] use the Program and must return all training materials to [Plaintiff]." *Id.* at para. 13. While Plaintiff alleges this agreement was memorialized in an email, such email is not attached to the Complaint nor incorporated by reference. *Ibid.* There is no allegation that City agreed to waive its sovereign immunity in such agreement. Complaint, *passim*.

In July of 2009, after an argument, Plaintiff told Ryan-Johnson that City could not use the program any longer since he was not going to teach this training any longer. *Id.* at para. 16. The City's Emergency Services Manager told Plaintiff he wanted Plaintiff to continue teaching. *Id.* at para. 17. There are no allegation as to what took place in the intervening years but, in July of 2013, Plaintiff agreed to allow the City to continue to use his program as long as certain conditions were met such as (a) continuing to consult Plaintiff and (b) the program would be offered to the entire Orange County Equestrian community with instruction being given at different locations. *Id.* at para. 19.

After another personal disagreement with Ryan-Johnson and Davis following the Canyon 2 fire in 2017 based on the fact that Plaintiff was not allowed to attend a meeting with Orange County, Plaintiff told the City he would no longer offer his volunteer services free of charge. *Id.* at para. 23. Plaintiff then obtained a certificate of copyright registration in December of 2017 for his "Program". *Id.* at para. 24. Plaintiff then gave Ryan-Johnson permission to use his "copyrighted work" for an August 2018 class as long she "only used the Copyrighted Work and make no alterations, deletions, or modifications to the Copyrighted Work[1]." *Id.* at para. 25. Plaintiff participated in the training and "discovered that Ryan-Johnson had modified

---

[1] The term Copyrighted Work is not defined in the Complaint.

- 2 - 8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

the Copyright [sic] Work by omitting certain materials." *Ibid*. Ryan-Johnson told Plaintiff that she expected the assistants for that part of the course, e.g. Plaintiff, to provide the training for such. *Ibid*.

Plaintiff observed that Ryan-Johnson "used his entire outline for the practical portion of the LART training, including the listed course set-up, organization of the demonstration/testing stations, assignment of an assistant instructor to each station, and presentation of the ten (10) subtopics for horse handling and trailer loading contained in [Plaintiff's] copyrighted LART training course. *Ibid*. Plaintiff claims that "Ryan-Johnson even copied the size and layout of the student's sign-off and completion card utilized by [Plaintiff] during LART classes he taught…." *Ibid*.

Plaintiff alleges without any ultimate facts that "Upon information and belief, Defendants have continued to use [Plaintiff's] Copyright [sic] Work.  In fact, the City quotes excerpts of the Copyrighted Work in a letter sent to [Plaintiff] and members of the Orange County equestrian community." *Id*. at para. 30.

## III. <u>STANDARD OF REVIEW</u>

A complaint may be dismissed for any of the reasons stated in Rule 12(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b). A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *See Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. *See Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -    8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

## IV. PLAINTIFF MAY NOT MAINTAIN AN ACTION FOR COPYRIGHT INFRINGEMENT AGAINST THE STATE OR ANY OF ITS MUNICIPALITIES UNDER NEW UNITED STATES SUPREME COURT PRECEDENT

### A. *ALLEN v. COOPER*

In the March 23, 2020 decision of *Allen v. Cooper* 589 U.S. \_\_\_\_\_2020, the United States Supreme Court held that Congress lacked authority to abrogate the immunity of states from liability for copyright infringement. In *Allen*, a salvage company found the wreck of a pirate ship that sank off the coast of North Carolina in 1717. *Id.* at 1-2. In 1996, Intersal, a marine salvage company, discovered the wreck and entered into a contract with North Carolina to recover it. *Id.* at 2. Intersal contracted with Allen, a videographer, to record the recovery process. *Ibid.* Allen created videos and photos of these efforts over a decade and registered copyrights in these works. *Ibid.* After North Carolina posted certain of his videos online and used one of his photos in a newsletter, Allen sued the State in Federal District Court for copyright infringement. *Ibid.*

The State filed a motion to dismiss based upon the doctrine of sovereign immunity asserting that federal court could not hear suits brought by individuals against nonconsenting states. *Ibid.* Allen responded that Congress had abrogated that rule with the Copyright Remedy Clarification Act (CRCA) which states that a state was not immune from claims for copyright infringement based upon sovereign immunity. *Id.* at 2-3. After the trial court ruled in Allen's favor, the Court of Appeals for the Fourth Circuit disagreed, finding the CRCA to be invalid. *Id.* at 3-4.

After accepting certiorari, the United States Supreme Court addressed the tests to determine when a federal court may entertain a suit against a nonconsenting State. "First, Congress must have enacted 'unequivocal statutory language' abrogating the States' immunity from the suit. [citations]. And second, some constitutional provision must allow Congress to have thus encroached on the States' sovereignty.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 - 8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

Not even the most crystalline abrogation can take effect unless it is 'a valid exercise of constitutional authority.'[citation]." *Id*. at 5.

The Supreme Court agreed that Congress clearly meant to abrogate the States' immunity for such copyright suits by spelling out clearly that the State should stand in an identical position as a private defendant. *Ibid*. However, the second question was more troubling. Allen argued that Congress had authority under Article I which enabled Congress to provide copyright protection, or alternatively, Section 5 of the Fourteenth Amendment that allows for enforcement of the commands of the Due Process Clause. *Ibid*.

In rejecting these arguments, the Court looked to a means-end test and rejected Article I as a basis under stare decisis. *Id*. at 6-9. In order for Congress's action to be allowed under Section 5, they must find a "'…congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'[Citation]" *Id*. at 10-11. The numbers of incidents in which states possibly infringed a copyright right numbered only a dozen in the lead up to the CRCA. *Id*. at 14. It was further acknowledged that state infringement is not widespread. *Ibid*. Therefore, under existing case law, the CRCA failed the test. *Ibid*.

Therefore, the CRCA was invalid under Article I due to stare decisis and under Section 5 due to the failure of the congruence and proportionality test. *Ibid*. The Supreme Court did note that valid copyright abrogation law could be passed someday but would need to do it differently than it did with the CRCA. *Id*. at 16. As such, sovereign immunity still stood in the context of copyright infringement and states were entitled to assert it in response to such suits.

    B.    <u>UNDER *ALLEN*, PLAINTIFF SHOULD ALSO BE BARRED FROM SUING THE CITY AND THE INDIVIDUAL DEFENDANTS FOR COPYRIGHT INFRINGEMENT</u>

The United States Supreme Court rejected private suits against states for copyright infringement. As such, the same policy must hold for suits against a state's

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0016-8379.1

- 5 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

political subdivisions such as the City. Under the California Tort Claims Act, California has asserted its own sovereign immunity from liability as well as those of political subdivisions. *See* Government Code sections 900, *et seq*.

It is axiomatic that public entities are generally not liable for injuries they cause, either by act or omission pursuant to Gov. Code section 815. *See also Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 897. The intent of the Government Claims Act was to confine potential governmental liability to very narrow "rigidly delineated circumstances". *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127-1128. Therefore, under the Act, public entities are not held liable for any injuries stemming from their acts or omissions except as provided by statute.

While the Government Code does allow for certain exceptions, those exceptions must be set out specifically in the Government Code. In order to sue the City for copyright infringement, the Complaint must have alleged that the California Tort Claims Act contained some exception to the state's sovereign immunity or a waiver of such. The Complaint does not do so. *See* Complaint, *passim*. As such, under *Allen*, there is no abrogation of the sovereign immunity as to copyright suits against the state and the City as one of its political subdivisions.

Given such lack of waiver, no claim for copyright infringement may stand against the City in this case. The same is true for a claim of contributory infringement and vicarious infringement. Furthermore, the Complaint alleges that Ryan-Johnson and Davis were acting on behalf of the City and were under its control. *See* Complaint para. 77-79. Therefore, no claim may be brought against them either. All five claims in the Complaint must fail.

## V. **THE COMPLAINT FAILS BECAUSE PLAINTIFF DID NOT COMPLY WITH THE GOVERNMENT CLAIMS ACT.**

As a general statutory requirement, an action for "money or damages" may not be maintained against any public entity unless a written claim has first been timely presented to the defendant public entity and rejected in whole or in part. *See* Gov.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 6 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

Code sections 905, 905.2, 911.2, 945.4. Compliance with this procedure must be alleged in the pleading by a plaintiff in order to state a cause of action. *See Chase v. State* 67 Cal.App.3d 808, 812 (1977).

In *Shirk v. Vista Unified School Dist.* 42 Cal.4th 201 (2007), (superseded by statute on other grounds), the California Supreme Court held:

> "Timely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, ""'a condition precedent to plaintiff's maintaining an action against defendant.""" [Citations omitted], and thus an element of the plaintiff's cause of action. [Citations omitted]. Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action. [Citations omitted].

*Id.* at 209.

The claims presentation requirements serve two basic purposes: First, they give the governmental entity the opportunity to settle just claims before suit is brought; second, they permit the entity to make an early investigation of the facts on which a claim is based, enabling it to defend itself against unjust claims and to correct the conditions or practices which gave rise to the claim. 4 Cal. L. Rev'n Comm'n Reports 1008 (1963); *Martell v. Antelope Valley Hosp. Med. Ctr*. 67 Cal.App.4th 978 (1998). In this case, Plaintiff does not allege compliance with the claims act. *See* Complaint, *in passim.* As such, the Motion to Dismiss should be granted.

## VI. THE COMPLAINT FAILS BECAUSE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR DISCRETIONARY ACTS.

Discretionary immunity extends to any public employee in whom discretion is vested. *See* Gov. Code section 820.2. An activity is considered discretionary for

- 7 -   8:19-cv-02275-JVS-ADS
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

purposes of tort immunity if its effective and vigorous performance is considered highly important to the public welfare, and imposition of tort liability for official errors would substantially inhibit official freedom of action. *See Burns v. City Council* 31 Cal.App.3d 999, 1004 (1973); *Johnson v. City of Pacifica* 4 Cal.App.3d 82 (1970). Section 821.6 provides immunity even if the alleged acts occurred "maliciously and without probable cause." *See Richardson-Tunnell v. School Ins. Program for Employees* 157 Cal.App.4th 1056, 1063 (2007); see also *Baughman v. State of California* 38 Cal.App.4th 182, 192 (1995) ("Under Government Code section 821.6, the officers' actions during the investigation were cloaked with immunity, even if they had acted negligently, maliciously or without probable cause in carrying out their duties."). Courts broadly construe Sections 820.2 and 821.6 in furtherance of its purpose to protect public officers from the threat of harassment or reprisal through civil suits for acts taken in the performance of their duties. *See Strong v. State* 201 Cal.App.4th 1439, 1461 (2011) (construing Section 821.6 broadly).

Government Code Section 820.2 specifically provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused.

*See* Gov. Code section 820.2.

As such, whenever a public employee is called upon to exercise his/her discretion, Section 820.2 protects him/her from liability for the consequences of doing so, "whether or not such discretion was abused." Because City employees are immune from suit for the actions alleged in the complaint under this section, the City is also immune. *See* Gov. Code section 815.2(b); *see, e.g., Chester v. State of California* 21 Cal.App.4th 1002, 1008 (1994) ("Absent a California statute providing

- 8 -   8:19-cv-02275-JVS-ADS
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

for liability, (a public entity) is immune from suit where, as here, the allegedly negligent employee is immune from suit."). While Ryan-Johnson and Davis are not alleged to be employees of the City, they are alleged to have acted on behalf of the City and that the City had control over both. *See* Complaint para. 77-79.

The facts alleged in the Complaint indicate that, even if true, Ryan-Johnson and Davis were using discretion in creating materials for the horse training. Once that discretion is established by the pleadings, the discretionary immunity should apply. As such, each cause of action should be dismissed since each is purportedly based upon the discretionary acts of Ryan-Johnson and Davis.

## VII. NO CLAIM IS STATED AGAINST DEFENDANT DAVIS

The Complaint contains to ultimate facts pleading a cause of action against Defendant Davis. Indeed, the only allegations as to Davis are that (a) she was the self-appointed leader of LART; (b) an evacuation during the Canyon 2 fire was ineffective in part due to her actions; (c) she refused to allow Plaintiff to present at a meeting; (d) she would not let Plaintiff attend an Orange County Animal Control meeting; and (e) that she purportedly did not return some of Plaintiffs material. *See* Complaint, paras. 20, 21, 22, 23, and 29.

While Plaintiff alleges that "Defendants have continued to use [Plaintiff's] Copyright [sic] Work," no ultimate facts are pleaded indicating that Davis is continuing to do so in a specific way. Therefore, no claim can be stated against Davis on the face of the Complaint. It must be dismissed as to her.

## VIII. THE COMPLAINT FAILS TO ALLEGE THAT MATERIALS THAT FALL UNDER THE COPYRIGHT ACT WERE INFRINGED

While the Complaint uses the terms "Copyrighted Work" and "Copyright Work", neither term is defined. The term "Program" is also used but appears to apply only to training on "emergency horse-handling and loading horses onto trailers." *Id*. at para. 11. Indeed, the term "Program" does not appear to be equivalent to any protected materials. *Id*. at para. 13 (Plaintiff and Ryan-Johnson discussing options

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 9 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

"for the creation of the curriculum and materials for the Program."). Later, the Complaint states that Plaintiff "would retain all right, title, and interest to the Program" but that only "audio, visual, and hard copy documents" would be Plaintiff's property. *Ibid*.

Later, Plaintiff refers to the Program as being attached as Exhibit 1 but that contains only a cover page. *Id*. at para. 14. Indeed, when Plaintiff alleges that he requested the "return of all Program materials", he does not state what materials are referenced. *Id*. at para. 16. Furthermore, he states he "secured copyright registration for the materials" but does not define those materials. *Id* at para. 24.

Plaintiff's allegations pertain to what appear to be items that cannot be copyrighted. He refers to "course set-up" which would indicate physical arrangements. *Id*. at para. 25. The same thing is true as to "organization of the demonstration/testing stations. *Ibid*. "[A]ssignment of an assistant instructor" does not pertain to copyrightable material. *Ibid*. "[P]resentation of the subtopics" also appears to indicate some oral presentation as opposed to written materials. *Ibid*. This fact is underscored by the final allegation about Ryan-Johnson "cop[ying] the size and layout of the student's sign-off and completion card" used by Plaintiff. *Ibid*.

Ideas, methods, or systems such as those described above and alleged by Plaintiff are not copyrightable. *See* 17 U.S.C. section 102(b). Therefore, the procedures and methods which Plaintiff proposed using for the evacuation are not copyrightable which would include the "set-up", "assign[ing] an assistant instructor" or verbally presenting subtopics some way. *Ibid*. A template and blank form such as a sign off card is further not copyrightable since such cannot be considered an original work of authorship to the extent it is not alleged to have contained anything more than a document on which an instructor checks off that a student has completed training.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 10 -   8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1

Therefore, given Plaintiff has failed to allege or attach any copyrightable works were actually infringed, no claim for infringement can be pleaded and no claim is stated.

## IX. CONCLUSION

Therefore, for the foregoing reasons, Defendants respectfully request that the Motion to Dismiss be granted.

Dated: April 28, 2020      KUTAK ROCK LLP

By: /s/ *Antoinette P. Hewitt*
   Edwin J. Richards
   Antoinette P. Hewitt
   Attorneys for Defendants
   CITY OF SAN JUAN CAPISTRANO, JULIE RYAN-JOHNSON, and BONNIE DAVIS

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 11 -     8:19-cv-02275-JVS-ADS
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
4852-0016-8379.1